2

06 1033027

TRANSUNION TITLE & ESCROW OF CALIFORNIA, INC.

E3409321-22
Parcel #
43-87-022-021

Prepared By.
ALFIE JOY SABADLAB

Record and Return Address:
JPMorgan Chase Bank, N.A.
National Home Equity Post Closing KY2-1606
P.O. Box 11606
Lexington, KY 40576-1606

43-87-022-021

Reference # 060931945136
Servicing #                    B

## CALIFORNIA
## OPEN END DEED OF TRUST
(Securing Future Advances)

**THIS DEED OF TRUST** is made on ___MAY XX 2006  MAY 4, 2006_____. The trustor is
**BRAD G. JONES AND AILEEN A. JONES, TRUSTEES OF THE JONES FAMILY TRUST DATED OCTOBER 22, 1999**

The trustee is __Douglas E. Miles_____ ("Trustee") The beneficiary is
**JPMorgan Chase Bank, N.A.**_____ a national banking association whose address is
**1111 Polaris Parkway, Columbus, OH 43240**
or its successors or its assignees. Any communication to the Lender should be sent to
C/O Chase Home Finance LLC, 250 West Huron Road, P. O. Box 93764, Cleveland, OH 44113.

In this Deed of Trust, the terms "you," "your" and "yours" refer to the trustor(s) The terms "we," "us" and "our" refer to the beneficiary

Pursuant to a Home Equity Line of Credit Agreement dated the same date as this Deed of Trust ("Agreement"), you may incur maximum unpaid loan indebtedness (exclusive of interest thereon) In amounts fluctuating from time to time up to the maximum principal sum outstanding at any time of
**Seven Hundred Twenty Thousand and 00/100**_____**Dollars**
(U.S. $ **720,000.00**____ ). The Agreement provides for a final scheduled installment due and payable not later than on ____**May 19, 2036**_____ . You agree that this Deed of Trust shall continue to secure all sums now or hereafter advanced under the terms of the Agreement including, without limitation, such sums that are advanced by us whether or not at the time the sums are advanced there is any principal sum outstanding under the Agreement The parties hereto intend that this Deed of Trust shall secure unpaid balances, and all other amounts due to us hereunder and under the Agreement

CALCDT (Rev 02/15/06)                    Page 1 of 7



3

This Deed of Trust secures to us: (a) the repayment of the debt evidenced by the Agreement, with interest, and all refinancings, renewals, extensions and modifications of the Agreement; (b) the payment of all other sums, with interest, advanced under this Deed of Trust to protect the security of this Deed of Trust; and (c) the performance of your covenants and agreements under this Deed of Trust and the Agreement. For this purpose and in consideration of the debt, you irrevocably grant and convey to the Trustee and Trustee's successors and assigns, in trust, with power of sale, the property located in __LOS ANGELES__ County, California, and more fully described in EXHIBIT A, which is attached hereto and made a part hereof, which property is more commonly known as
**9650 CEDARBROOK DRIVE, BEVERLY HILLS, CA 90210-1749**
("Property Address"),

TOGETHER WITH all the improvements now or hereafter erected on the property, and all easements, rights, appurtenances, and fixtures now or hereafter a part of the property All replacements and additions shall also be covered by this Deed of Trust. All of the foregoing is referred to in this Deed of Trust as the "Property."

YOU COVENANT that you are lawfully seized of the estate hereby conveyed and have the right to grant and convey the Property and that the Property is unencumbered, except for encumbrances of record. You warrant and will defend generally the title to the Property against all claims and demands, subject to any encumbrances of record

YOU AND WE covenant and agree as follows.

1.   **Payment of Principal, Interest and Other Charges.** You shall pay when due the principal of and interest owing under the Agreement and all other charges due hereunder and due under the Agreement.

2.   **Application of Payments.** Unless applicable law provides otherwise, all payments received by us under the Agreement and Section 1 shall be applied by us as provided in the Agreement.

3.   **Prior Deed of Trusts; Charges; Liens.** You shall perform all of your obligations under any mortgage, deed of trust or other security instruments with a lien which has priority over this Deed of Trust, including your covenants to make payments when due. You shall pay all taxes, assessments, charges, fines and impositions attributable to the Property which may attain priority over this Deed of Trust or any advance under this Deed of Trust, and leasehold payments or ground rents, if any Upon our request, you shall promptly furnish to us all notices of amounts to be paid under this paragraph and receipts evidencing any such payments you make directly You shall promptly discharge any lien (other than a lien disclosed to us in your application or in any title report we obtained) which has priority over this Deed of Trust or any advance under this Deed of Trust.

We specifically reserve to ourself and our successors and assigns the unilateral right to require, upon notice, that you pay to us on the day monthly payments are due an amount equal to one-twelfth (1/12) of the yearly taxes, and assessments (including condominium and planned unit development assessments, if any) which may attain priority over this Deed of Trust and ground rents on the Property, if any, plus one-twelfth (1/12) of yearly premium installments for hazard and mortgage insurance, all as we reasonably estimate initially and from time to time, as allowed by and in accordance with applicable law.

4.   **Hazard Insurance.** You shall keep the Property insured against loss by fire, hazards included within the term "extended coverage" and any other hazards, including floods or flooding, for which we require insurance This insurance shall be maintained in the amounts and for the periods that we require. You may choose any insurer reasonably acceptable to us. Insurance policies and renewals shall be acceptable to us and shall include a standard mortgagee clause If we require, you shall promptly give us all receipts of paid premiums and renewal notices. If you fail to maintain coverage as required in this section, you authorize us to obtain such coverage as we in our sole discretion determine appropriate to protect our interest in the Property in accordance with the provisions in Section 6 You understand and agree that any coverage we purchase may cover only our interest in the Property and may not cover your interest in the Property or any personal property therein. You also understand and agree that the premium for any such insurance may be higher than the premium you would pay for such insurance. You shall promptly notify the insurer and us of any loss. We may make proof of loss if you do not promptly do so.

CALCDT                                           Page 2 of 7         **06  1033027**



4

Insurance proceeds shall be applied to restore or repair the Property damaged, if restoration or repair is economically feasible and our security would not be lessened. Otherwise, insurance proceeds shall be applied to sums secured by this Deed of Trust, whether or not then due, with any excess paid to you. If you abandon the Property, or do not answer within 30 days our notice to you that the insurer has offered to settle a claim, then we may collect and use the proceeds to repair or restore the Property or to pay sums secured by this Deed of Trust, whether or not then due. The 30-day period will begin when notice is given. Any application of proceeds to principal shall not require us to extend or postpone the due date of monthly payments or change the amount of monthly payments. If we acquire the Property at a forced sale following your default, your right to any insurance proceeds resulting from damage to the Property prior to the acquisition shall pass to us to the extent of the sums secured by this Deed of Trust immediately prior to the acquisition.

You shall not permit any condition to exist on the Property which would, in any way, invalidate the insurance coverage on the Property.

**5.    Preservation, Maintenance and Protection of the Property; Borrower's Loan Application; Leaseholds.** You shall not destroy, damage or substantially change the Property, allow the Property to deteriorate, or commit waste. You shall be in default if any forfeiture action or proceeding, whether civil or criminal, is begun that in our good faith judgment could result in forfeiture of the Property or otherwise materially impair the lien created by this Deed of Trust or our security Interest. You may cure such a default, as provided in Section 17, by causing the action or proceeding to be dismissed with a ruling that, in our good faith determination, precludes forfeiture of your interest in the Property or other material impairment of the lien created by this Deed of Trust or our security Interest. You shall also be in default if you, during the loan application process, gave materially false or inaccurate information or statements to us (or failed to provide us with any material information) in connection with the loan evidenced by the Agreement, including, but not limited to, representations concerning your occupancy of the Property as a principal residence. If this Deed of Trust is on a leasehold, you shall comply with the lease. If you acquire fee title to the Property, the leasehold and fee title shall not merge unless we agree to the merger in writing.

**6.    Protection of Our Rights In the Property; Mortgage Insurance.** If you fail to perform the covenants and agreements contained in this Deed of Trust, or there is a legal proceeding that may significantly affect our rights in the Property (such as a proceeding in bankruptcy, probate, for condemnation or forfeiture or to enforce laws or regulations), then we may do, and pay for, anything necessary to protect the Property's value and our rights in the Property. Our actions may include paying any sums secured by a lien which has priority over this Deed of Trust or any advance under the Agreement or this Deed of Trust, appearing in court, paying reasonable attorneys' fees, paying any sums which you are required to pay under this Deed of Trust and entering on the Property to make repairs. We do not have to take any action we are permitted to take under this paragraph. Any amounts we pay under this paragraph shall become additional debts you owe us and shall be secured by this Deed of Trust. These amounts shall bear interest from the disbursement date at the rate established under the Agreement and shall be payable, with interest, upon our request. If we required mortgage insurance as a condition of making the loan secured by this Deed of Trust, you shall pay the premiums for such insurance until such time as the requirement for the insurance terminates.

**7.    Inspection.** We may enter and inspect the Property at any reasonable time and upon reasonable notice.

**8.    Condemnation.** The proceeds of any award for damages, direct or consequential, in connection with any condemnation or other taking of any part of the Property, or for conveyance in lieu of condemnation, are hereby assigned and shall be paid to us. If the Property is abandoned, or if, after notice by us to you that the condemnor offers to make an award or settle a claim for damages, you fail to respond to us within 30 days after the date the notice is given, we are authorized to collect and apply the proceeds, at our option, either to restoration or repair of the Property or to the sums secured by this Deed of Trust, whether or not then due. Unless we and you otherwise agree in writing, any application of proceeds to principal shall not extend or postpone the due date of the monthly payments payable under the Agreement and Section 1 or change the amount of such payments.

05/13/06

CALCDT                               Page 3 of 7                    **06  1033027**



5

9. **You Are Not Released; Forbearance by Us Not a Waiver.** Extension of time for payment or modification of amortization of the sums secured by this Deed of Trust granted by us to any of your successors in interest shall not operate to release your liability or the liability of your successors in interest. We shall not be required to commence proceedings against any successors in interest, refuse to extend time for payment or otherwise modify amortization of the sums secured by this Deed of Trust by reason of any demand made by you or your successors in interest. Our forbearance in exercising any right or remedy shall not waive or preclude the exercise of any right or remedy.

10. **Successors and Assigns Bound; Joint and Several Liability; Co-signers.** The covenants and agreements of this Deed of Trust shall bind and benefit your successors and permitted assigns. Your covenants and agreements shall be joint and several. Anyone who co-signs this Deed of Trust but does not execute the Agreement: (a) is co-signing this Deed of Trust only to mortgage, grant and convey such person's interest in the Property, (b) is not personally obligated to pay the Agreement, but is obligated to pay all other sums secured by this Deed of Trust; and (c) agrees that we and anyone else who signs this Deed of Trust may agree to extend, modify, forbear or make any accommodations regarding the terms of this Deed of Trust or the Agreement without such person's consent.

11. **Loan Charges.** If the loan secured by this Deed of Trust is subject to a law which sets maximum loan charges, and that law is finally interpreted so that the interest or other loan charges collected or to be collected in connection with the loan exceed the permitted limits, then: (a) any such loan charge shall be reduced by the amount necessary to reduce the charge to the permitted limit; and (b) any sums already collected from you which exceed permitted limits will be refunded to you. We may choose to make this refund by reducing the principal owed under the Agreement or by making a direct payment to you. If a refund reduces principal, the reduction will be treated as a partial prepayment without any prepayment charge under the Agreement

12. **Notices.** Unless otherwise required by law, any notice to you provided for in this Deed of Trust shall be delivered or mailed by first class mail to the Property Address or any other address you designate by notice to us. Unless otherwise required by law, any notice to us shall be given by first class mail to our address stated above or any other address we designate by notice to you Any notice provided for in this Deed of Trust shall be deemed to have been given to you or us when given as provided in this paragraph

13. **Governing Law; Severability.** The extension of credit secured by this Deed of Trust is governed by federal law, which for the purposes of 12 USC ° 85 incorporates Ohio law. However, the interpretation and enforcement of this Deed of Trust shall be governed by the law of the jurisdiction in which the Property is located, except as preempted by federal law. In the event that any provision or clause of this Deed of Trust or the Agreement conflicts with applicable law, such conflict shall not affect other provisions of this Deed of Trust or the Agreement which can be given effect without the conflicting provision. To this end the provisions of this Deed of Trust and the Agreement are declared to be severable.

14. **Transfer of the Property.** If all or any part of the Property or any interest in it is sold or transferred without our prior written consent, we may, at our option, require immediate payment in full of all sums secured by this Deed of Trust However, this option shall not be exercised by us if exercise is prohibited by federal law as of the date of this Deed of Trust

15. **Sale of Agreement; Change of Loan Servicer.** The Agreement or a partial interest in the Agreement (together with this Deed of Trust) may be sold one or more times without prior notice to you. A sale may result in a change in the entity (known as the "Loan Servicer") that collects monthly payments due under the Agreement and this Deed of Trust There also may be one or more changes of the Loan Servicer unrelated to the sale of the Agreement. If there is a change of the Loan Servicer, you will be given written notice of the change as required by applicable law. The notice will state the name and address of the new Loan Servicer and the address to which payments should be made. The notice will also contain any information required by applicable law.

CALCDT                              Page 4 of 7                        06 **1033027**


b

16. **Hazardous Substances.** You shall not cause or permit the presence, use, disposal, storage, or release of any Hazardous Substances on or in the Property You shall not do, nor allow anyone else to do, anything affecting the Property that is in violation of any Environmental Law. The preceding two sentences shall not apply to the presence, use, or storage on the Property of Hazardous Substances in quantities that are generally recognized to be appropriate to normal residential uses and to maintenance of the Property. You shall promptly give us written notice of any investigation, claim, demand, lawsuit or other action by any governmental or regulatory agency or private party involving the Property and any Hazardous Substance or Environmental Law of which you have actual knowledge. If you learn or are notified by any government or regulatory authority, that any removal or other remediation of any Hazardous Substance affecting the Property is necessary, you shall promptly take all necessary remedial actions in accordance with Environmental Law. As used in this Deed of Trust, "Hazardous Substances" are those substances defined as toxic or hazardous substances by Environmental Law and the following substances: gasoline, kerosene, other flammable or toxic petroleum products, toxic pesticides and herbicides, volatile solvents, materials containing asbestos or formaldehyde, and radioactive materials. As used in this Deed of Trust, "Environmental Law" means federal laws and laws of the jurisdiction where the Property is located that relate to health, safety or environmental protection

17. **Acceleration; Remedies.** You will be in default if (1) any payment required by the Agreement or this Deed of Trust is not made when it is due; (2) we discover that you have committed fraud or made a material misrepresentation in connection with the Agreement; or (3) you take any action or fail to take any action that adversely affects our security for the Agreement or any right we have in the Property. If a default occurs (other than under Section 14, unless applicable law provides otherwise), we will give you notice specifying: (a) the default; (b) the action required to cure the default; (c) a date, not less than 30 days from the date the notice is given to you, by which the default must be cured; and (d) that failure to cure the default on or before the date specified in the notice may result in acceleration of the sums secured by this Deed of Trust and sale of the Property. The notice shall further inform you of the right to reinstate after acceleration and the right to bring a court action to assert the nonexistence of a default or any other defense you may have to acceleration and sale. If the default is not cured on or before the date specified in the notice, we, at our option, may require immediate payment in full of all sums secured by this Deed of Trust without further demand and may invoke the power of sale and other remedies permitted by applicable law. We shall be entitled to collect all expenses incurred in pursuing remedies provided in this Section 17, including, but not limited to, reasonable attorneys' fees as permitted by applicable law, but not to exceed 20% of the outstanding principal and interest and cost of title evidence.

If we invoke the power of sale, we shall execute or cause Trustee to execute a written notice of the occurrence of an event of default and of our election to cause the Property to be sold. Trustee shall cause this notice to be recorded in each county in which any part of the Property is located. We or the Trustee shall mail copies of the notice as prescribed by applicable law to you and to the other persons prescribed by applicable law. Trustee shall give public notice of sale to the persons and in the manner prescribed by applicable law. After the time required by applicable law, Trustee, without demand on you, shall sell the Property at public auction to the highest bidder at the time and place and under the terms designated in the notice of sale in one or more parcels and in any order Trustee determines. Trustee may postpone sale of all or any parcel of the Property by public announcement at the time and place of any previously scheduled sale. Either we or our designee may purchase the Property at any sale.

Trustee shall deliver to the purchaser Trustee's deed conveying the Property without any covenant or warrant, expressed or implied. The recitals in the Trustee's deed shall be prima facie evidence of the truth of the statements made therein. Trustee shall apply the proceeds of the sale in the following order: (a) to all expenses of the sale, including, but not limited to, reasonable Trustee's and attorneys' fees, as set forth above; (b) to all sums secured by this Deed of Trust; and (c) any excess to the *person or* persons legally entitled to it.

CALCDT                  Page 5 of 7      **06 1033027**


EXHIBIT

18. **Reconveyance.** Upon your request and payment of all sums secured by this Deed of Trust, we shall request Trustee to reconvey the Property and shall surrender this Deed of Trust and all notes evidencing debt secured by this Deed of Trust to Trustee Trustee shall reconvey the Property without warranty to the person or persons legally entitled to it and may charge a $45 fee as permitted by law to the person or persons legally entitled to the reconveyance Such person or persons shall pay any recordation costs.

19. **Substitute Trustee.** We may, at our option, from time to time appoint a successor trustee to any Trustee appointed hereunder by an instrument executed and acknowledged by us and recorded in the office of the Recorder of the county in which the Property is located. The instrument shall contain the name of the original lender, Trustee and borrower, the book and page where this Deed of Trust is recorded and the name and address of the successor trustee. Without conveyance of the Property, the successor trustee shall succeed to all the title, powers and duties conferred upon the Trustee herein and by applicable law. This procedure for substitution of trustee shall govern to the exclusion of all other provisions for substitution

20. **Request for Notices.** You request that copies of the notices of default and sale be sent to your address which is the Property Address.

21. **Statement of Obligation Fee.** We may collect a fee not to exceed $30, the maximum amount permitted by law for furnishing the statement of obligation as provided in Section 2943 of the Civil Code of California.

22. **Discontinuance of Enforcement.** Notwithstanding our acceleration of the sums secured by this Deed of Trust under the provisions of Section 17, we may, in our sole discretion and upon such conditions as we in our sole discretion determine, discontinue any proceedings begun to enforce the terms of this Deed of Trust

23. **Waiver.** No waiver by us at any time of any term, provision or covenant contained in this Deed of Trust or in the Agreement secured hereby shall be deemed to be or construed as a waiver of any other term, provision or covenant or of the same term, provision or covenant at any other time

24. **Additional Charges.** You agree to pay reasonable charges as allowed by law in connection with the servicing of this loan including, without limitation, the costs of obtaining tax searches and subordinations. Provided, however, that nothing contained in this section is intended to create and shall not be construed to create any duty or obligation by us to perform any such act, or to execute or consent to any such transaction or matter, except a release of the Deed of Trust upon full repayment of all sums secured thereby.

25. **Riders to this Deed of Trust.** If one or more riders are executed by you and recorded together with this Deed of Trust, the covenants and agreements of each such rider shall be incorporated into and shall amend and supplement the covenants and agreements of this Deed of Trust as if the nder(s) were a part of this Deed of Trust. [Check applicable box(es)]

☐ Condominium Rider           ☐ 1-4 Family Rider

☐ Planned Unit Development Rider    ☐ Other(s) _____

CALCDT                      Page 6 of 7        **06 1033027**

BY SIGNING BELOW, You accept and agree to the terms and covenants contained in this Deed of Trust and in any rider(s) executed by you and recorded with it

Signed, sealed and delivered in the presence of

Witness:

_____    _____ (Seal)
                                BRAD G. JONES, AS TRUSTEE OF THE JONES
                                FAMILY TRUST DATED OCTOBER 22, 1999

_____    _____ (Seal)
                                AILEEN A. JONES, AS TRUSTEE OF THE
                                JONES FAMILY TRUST DATED OCTOBE BER
                                22, 1999

_____    _____ (Seal)

_____    _____ (Seal)

_____    _____ (Seal)

_____    _____ (Seal)

STATE OF CALIFORNIA,
COUNTY OF Los Angeles    ss

On May 4, 2006 before me, Rahel Ayele, a notary Public personally appeared Brad G. Jones + Aileen A. Jones, personally known to me (or proved to me on the basis of satisfactory evidence) to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument

WITNESS my hand and official seal.

Signature _____ (Seal)

RAHEL AYELE
Commission # 1450222
Notary Public - California
Los Angeles County
My Comm. Expires Nov 9, 2007

CALCDT                Page 7 of 7        06 1033027



q

# TRANSUNION TITLE & ESCROW OF CALIFORNIA, INC.

Order Number E3409321-22

### Exhibit "A"

PARCEL D, OF PARCEL MAP NO. 1987, IN THE CITY OF LOS ANGELES, COUNTY OF LOS ANGELES, STATE OF CALIFORNIA, AS PER MAP RECORDED IN BOOK 31 PAGE(S) 81 OF PARCEL MAPS, IN THE OFFICE OF THE COUNTY RECORDER OF SAID COUNTY.

EXCEPT THEREFROM THAT PORTION OF SAID LAND BEGINNING AT THE MOST NORTHEASTERLY CORNER OF SAID PARCEL D, SAID CORNER ALSO BEING A POINT IN THE SOUTHERLY RIGHT-OF-WAY OF CEDARBROOK DRIVE, 34 FEET WIDE, AS SHOWN ON SAID PARCEL MAP, THENCE ALONG THE EASTERLY LINE OF SAID PARCEL D SOUTH 2° 44' 22" EAST 42.36 FEET, THENCE SOUTH 27° 27' 10" WEST 46.00 FEET; THENCE SOUTH 3° 30' 00" EAST 67.00 FEET, THENCE LEAVING SAID EASTERLY LINE AT RIGHT ANGLES TO COLDWATER CANYON DRIVE, NORTH 89° 41' 30" WEST 15.00 FEET, THENCE PARALLEL TO SAID COLDWATER CANYON DRIVE, NORTH 0° 18' 30" EAST 148.53 FEET TO A POINT IN SAID SOUTHERLY RIGHT OF WAY; THENCE ALONG SAID SOUTHERLY RIGHT OF WAY; THENCE ALONG SAID SOUTHERLY RIGHT OF WAY, NORTH 87° 15' 15" EAST 29.33 FEET TO THE POINT OF BEGINNING.

CD

05/19/06

3      **06 1033027**






**This page is part of your document - DO NOT DISCARD**



| | |
|---|---|
| **20080180387** | **Pages: 007** |

Recorded/Filed in Official Records
Recorder's Office, Los Angeles County,
California

01/30/08 AT 08:00AM

Fee: 24.00
Tax: 0.00
Other: 0.00
Total: 24.00

Title Company

**TITLE(S) :** _____




L E A D   S H E E T

**Assessor's Identification Number (AIN)**
To be completed by Examiner OR Title Company in black ink.    **Number of AIN's Shown**


**THIS FORM IS NOT TO BE DUPLICATED**




RECORDING REQUESTED BY,
AND WHEN RECORDED MAIL TO:

Brad Jones
9650 Cedarbrook Dr.
Beverly Hills, CA 90210



01/30/08

**20080180387**

SPACE ABOVE THIS LINE FOR RECORDER'S USE

## SUBORDINATION AGREEMENT

THIS SUBORDINATION AGREEMENT ("Agreement") is made as of this _11_ day of January__, 2008, by Brad G. Jones and Aileen A Jones, trustees of the Jones Family Trust dated October 22, 1999, owner of the land hereinafter described and hereinafter referred to as "Owner", and JP Morgan Chase Bank, N.A., present owner and holder of the Deed or Trust and Note hereinafter described and hereinafter referred to as "Beneficiary".

### Recitals

A.  Owner executed a deed of trust ("Deed of Trust") on or about May 4, 2006 to Douglas E. Miles, as trustee, in favor of Beneficiary encumbering the real property commonly known as 9650 Cedarbrook Drive located in the City of Los Angeles, County of Los Angeles, State of California legally described as follows:

PARCEL D OF PARCEL MAP N0.1987, IN THE CITY OF LOS ANGELES, COUNTY OF LOS ANGELES, STATE OF CALIFORNIA, AS PER MAP RECORDED IN BOOK 31 PAGE 81, IN THE OFFICE OF THE COUNTY RECORDER OF SAID COUNTY.

EXCEPT THEREFROM THAT PORTION OF SAID LAND BEING AT THE MOST NORTHEASTERLY CORNER OF SAID PARCEL D SAID CORNER ALSO BEING A POINT IN THE SOUTHERLY RIGHT-OF-WAY OF CEDARBROOK DRIVE, 34 FEET WIDE, AS SHOWN ON SAID PARCEL MAP, THENCE ALONG THE EASTERLY LINE OF SAID PARCEL D SOUTH 2 DEGREES 44 MINUTES 22 SECONDS EAST 42.36 FEET, THENCE SOUTH 27 DEGREES 27 MINUTES 10 SECONDS WEST 46 FEET; THENCE SOUTH 3 DEGREES 30 MINUTES 00 SECONDS EAST 67 FEET, THENCE LEAVING SAID EASTERLY LINE AT RIGHT ANGLES TO COLDWATER CANYON DRIVE, NORTH 89 DEGREES 41 MINUTES 30 SECONDS WEST 15.00 FEET, THENCE PARALLEL TO SAID COLDWATER CANYON DRIVE, NORTH 0 DEGREES 18 MINUTES 30 SECONDS EAST 148.53 FEET TO A POINT IN SAID SOUTHERLY RIGHT OF WAY; THENCE ALONG SAID SOUTHERLY RIGHT OF WAY, NORTH 87 DEGREES 15 MINUTES 15 SECONDS EAST 29.33 FEET TO THE POINT OF BEGINNING.

B.  The Deed of Trust secures a promissory note ("Note") in the original principal amount of $720,000.00 dated May 4, 2006 in favor of Beneficiary which deed of trust was recorded on May 10, 2006 as instrument number 06-1033027 of official records of the Los Angeles County Recorder's Office.

C.  Owner has executed, or is about to execute, an Easement and Maintenance Agreement ("Easement") dated _11-26-2007_ by and among Owner and Jacob Wizman, Trustee and Natalie

1



Wizman, Trustee Of The Jacob Wizman And Natalie Wizman Revocable Trust 2003, Natjack, LLC, a California Limited Liability Company and Hadid Development Companies, Inc., a Virginia Corporation. recorded concurrently herewith

D. It is a condition precedent to the effectiveness of the Easement that the Easement shall be an encumbrance upon the land hereinabove described, prior and superior to the lien or charge of the Deed of Trust.

### Agreement

NOW THEREFORE, in consideration if the mutual benefits accruing to the parties hereto and other valuable consideration, the receipt and sufficiency of which consideration is hereby acknowledged, it is hereby declared, understood, and agreed as follows:

1. The Easement shall unconditionally be, and remain at all times, an encumbrance on the property herein described, prior and superior to the lien of the Deed of Trust.

2. This Agreement shall be the entire only agreement with regard to the subordination of the lien or charge of the Deed of Trust.

3. In connection with this Agreement, each party agrees to execute and deliver such additional documents and instruments, and to perform such additional acts as may be necessary to effectuate, carry out and perform all the terms, provisions and conditions of this Agreement.

4. This Agreement may be executed in any number of counterparts, and all counterparts shall be considered together as one agreement.

5. This Agreement shall be binding upon and inure to the benefit of the parties and their respective representatives, successors and assigns.

6. This Agreement shall be governed by the laws of the State of California applicable to contracts made and to be performed in such state.

This Agreement is executed as of the day and year first above written.

OWNER:                                          BENEFCIARY:

BRAD G. JONES AND AILEEN A JONES                JP MORGAN CHASE BANK, N.A.
TRUSTEES OF THE JONES FAMILY TRUST
DATED OCTOBER 22, 1999

_____, TRUSTEE                      By: _____
Brad G. Jones, Trustee                          Name:   Spencer Kato
                                                Title:  AVP
_____, TRUSTEE
Aileen A. Jones, Trustee

2



y

## LEGAL DESCRIPTION

### EASEMENT FOR INGRESS/EGRESS, UTILITIES AND INCIDENTAL PURPOSES

THAT PORTION OF PARCEL "D" OF PARCEL MAP LA No.1989 IN THE CITY OF LOS ANGELES, COUNTY LOS ANGELES, STATE OF CALIFORNIA, AS PER MAP FILED IN PARCEL MAP BOOK 31, PAGE 81, INCLUSIVE OF PARCEL MAPS IN THE OFFICE OF THE COUNTY RECORDER OF SAID COUNTY DESCRIBED AS FOLLOWS:

BEING A 60.00 FOOT WIDE STRIP OF LAND LYING WESTERLY OF THE FOLLOWING DESCRIBED LINE:

COMMENCING AT THE EASTERLY TERMINUS OF THE SOUTHERLY LINE OF SAID PARCEL, SAID SOUTHERLY HAVING A BEARING OF SOUTH 88°28'00" EAST AND DISTANCE 1048.57 FEET; THENCE WESTERLY ALONG SAID SOUTHERLY LINE NORTH 88°28'00" WEST 465.00 FEET TO THE TRUE POINT OF BEGINNING; THENCE NORTH 19°29'39" WEST 257.80 FEET MORE OR LESS TO A POINT ON THE NORTHERLY LINE OF SAID PARCEL "D".

THE WESTERLY SIDELINE OF SAID STRIP BEING PROLONGED OR SHORTENED SO AS TO TERMINATE IN THE NORTHERLY AND SOUTHERLY LINES OF SAID PARCEL "D"

PREPARED BY ME OR UNDER MY DIRECTION:

_____
KEN M. SHANK        PLS 8271







6

# ALL PURPOSE ACKNOWLEDGMENT

STATE OF ~~CALIFORNIA~~ ARIZONA }
COUNTY OF __MARICOPA__ }

On __JANUARY 11TH, 2008__ before me, __OSCAR PERALES__ Notary Public,
(here insert name and title of officer), personally appeared
__SPENCER KATO , AVP_____,
who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under Penalty of Perjury under the laws of the State of California that the foregoing is true and correct.

WITNESS my hand and official seal.

> OFFICIAL SEAL
> OSCAR PERALES
> NOTARY PUBLIC  ARIZONA
> MARICOPA COUNTY
> My Comm. Expires Nov. 21, 2009

Signature _____                                    (NOTARY SEAL)

---

**ATTENTION NOTARY:** Although the information requested below is OPTIONAL, it could prevent fraudulent attachment of this certificate to another document.

THIS CERTIFICATE **MUST** BE ATTACHED TO        Title of Document Type _____
THE DOCUMENT DESCRIBED AT RIGHT.               Number of Pages _____  Date of Document _____
                                               Signer(s) Other Than Named Above _____

08 0180387

3

EXHIBIT 1

7

**CALIFORNIA ALL-PURPOSE ACKNOWLEDGMENT**

State of California

County of __Los Angeles__ } ss.

On __January 16, 2008__ before me, __Katherine Reagan Sweeney, Notary Public__
personally appeared __Brad G. Jones    Aileen A. Jones__
                        Name(s) of Signer(s)

☐ personally known to me
☐ proved to me on the basis of satisfactory evidence

[Notary Seal: KATHERINE REAGAN SWEENEY, Commission # 1669362, Notary Public - California, Los Angeles County, My Comm. Expires Apr 16, 2009]

to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

WITNESS my hand and official seal.

_[signature]_
Signature of Notary Public

—————————— OPTIONAL ——————————
Though the information below is not required by law, it may prove valuable to persons relying on the document and could prevent fraudulent removal and reattachment of this form to another document.

**Description of Attached Document**

Title or Type of Document: _____

Document Date: _____  Number of Pages: _____

Signer(s) Other Than Named Above: _____

**Capacity(ies) Claimed by Signer**

Signer's Name: _____

☐ Individual
☐ Corporate Officer — Title(s): _____
☐ Partner — ☐ Limited ☐ General
☐ Attorney-in-Fact
☐ Trustee
☐ Guardian or Conservator
☐ Other: _____

Signer Is Representing: _____

RIGHT THUMBPRINT OF SIGNER
Top of thumb here

© 1999 National Notary Association · 9350 De Soto Ave., P.O. Box 2402 · Chatsworth, CA 91313-2402 · www.NationalNotary.org    Prod. No. 5907    Reorder: Call Toll-Free 1-800-876-6827

08 0180387

EXHIBIT l