|  | FOR COURT USE ONLY |
|---|---|
| **UNITED STATES BANKRUPTCY COURT<br>CENTRAL DISTRICT OF CALIFORNIA** | **FILED & ENTERED**<br><br>JUN 15 2010<br><br>CLERK U.S. BANKRUPTCY COURT<br>Central District of California<br>BY beauchamDEPUTY CLERK |
| In re:<br>Brad G Jones,<br>Aileen Jones<br><br>David Gill<br><br>Debtor(s).<br><br>Trustee. | CHAPTER: 7<br><br>CASE NO.: 2:10-bk-26841-BB<br><br>DATE: June 15, 2010<br>TIME: 10:00 AM<br>CTRM: 1475<br>FLOOR: |

# ORDER GRANTING MOTION FOR RELIEF FROM THE AUTOMATIC STAY
## UNDER 11 U.S.C. § 362 (Real Property)
### (MOVANT:  JPMorgan Chase Bank, N.A. )

1. The Motion was:    ☐ Contested    ☒ Uncontested    ☐ Settled by stipulation

2. The Motion affects the following real property (the "Property"):
   *Street Address:*       9650 Cedarbrook Drive
   *Apartment/Suite No.:*
   *City, State, Zip Code:* Beverly Hills, CA 90210-1749

   Legal description or document recording number (including county of recording):

   ☒  See attached page.

3. The Motion is granted under:    ☒ 11 U.S.C. § 362(d)(1)    ☒ 11 U.S.C. § 362(d)(2)    ☐ 11 U.S.C. § 362(d)(3)
                                    ☐ 11 U.S.C. § 362(d)(4)

4. As to Movant, its successors, transferees and assigns ("Movant"), the stay of 11 U.S.C. § 362(a) is:
   a.  ☒ Terminated as to Debtor(s) and Debtor's(s') bankruptcy estate.
   b.  ☐ Annulled retroactively to the date of the bankruptcy petition filing.
   c.  ☐ Modified or conditioned as set forth in Exhibit _____ to this Order.

5. ☒ Movant may enforce its remedies to foreclose upon and obtain possession of the Property in accordance with applicable non-bankruptcy law, but may not pursue any deficiency claim against the Debtor(s) or property of the estate except by filing a Proof of Claim pursuant to 11 U.S.C. § 501.

*(Continued on next page)*

This form is mandatory by Order of the United States Bankruptcy Court for the Central District of California.

*Revised December 2009*                                                                                          **F 4001-1O.RP**

| In Re | (SHORT TITLE) | | CHAPTER: 7 |
|---|---|---|---|
| Brad G Jones<br>Aileen Jones | | Debtor(s) | CASE NO: 2:10-bk-26841-BB |

6. ☐ Movant shall not conduct a foreclosure sale before the following date (*specify*):

7. ☐ The stay shall remain in effect subject to the terms and conditions set forth in the Adequate Protection Attachment to this Order.

8. ☐ In chapter 13 cases, the trustee shall not make any further payments on account of Movant's secured claim after entry of this Order. The secured portion of Movant's claim is deemed withdrawn upon entry of this Order without prejudice to Movant's right to file an amended unsecured claim for any deficiency. Absent a stipulation or order to the contrary, Movant shall return to the trustee any payments received from the trustee on account of Movant's secured claim after entry of this Order.

9. The filing of the petition was part of a scheme to delay, hinder and defraud creditors that involved either:
   ☐ transfer of all or part ownership of, or other interest in, the Property without the consent of the secured creditor or court approval.
   ☐ multiple bankruptcy filings affecting the Property.

   If recorded in compliance with applicable state laws governing notices of interest or liens in the Property, this Order is binding and effective under 11 U.S.C. § 362(d)(4)(A) and (B) in any other bankruptcy case purporting to affect the Property filed not later than two (2) years after the date of entry of this Order, except that a debtor in a subsequent bankruptcy case may move for relief from this Order based upon changed circumstances or for good cause shown, after notice and a hearing. Any federal, state or local goverrnmental unit that accepts notices of interests or liens in real property shall accept a certified copy of this Order for indexing and recording.

10. This Court further orders as follows:
    a. ☒ This Order shall be binding and effective despite any conversion of this bankruptcy case to a case under any other chapter of Title 11 of the United States Code.
    b. ☒ The 14-day stay provided by Bankruptcy Rule 4001(a)(3) is waived.
    c. ☐ The provisions set forth in the Extraordinary Relief Attachment shall also apply *(attach Optional Form F 4001-1O.ER)*.
    d. ☐ See attached continuation page for additional provisions.

Dated:  06/15/2010

_____
UNITED STATES BANKRUPTCY JUDGE

_____
This form is mandatory by Order of the United States Bankruptcy Court for the Central District of California.

*Revised December 2009*                                                                                                          **F 4001-1O.RP**

2

06 1033027

TRANSUNION TITLE & ESCROW OF CALIFORNIA, INC.

E3409321-22
Parcel #
43-87-022-021

Prepared By.
ALFIE JOY SABADLAB

Record and Return Address:
JPMorgan Chase Bank, N.A.
National Home Equity Post Closing KY2-1606
P.O. Box 11606
Lexington, KY 40576-1606

4387-022-021

Reference # 060931945136
Servicing #                    B

## CALIFORNIA
## OPEN END DEED OF TRUST
(Securing Future Advances)

**THIS DEED OF TRUST** is made on _____ MAY 4, 2006 _____. The trustor is
**BRAD G. JONES AND AILEEN A. JONES, TRUSTEES OF THE JONES FAMILY TRUST DATED OCTOBER 22, 1999**

The trustee is  **Douglas E. Miles**                                          ("Trustee") The beneficiary is
**JPMorgan Chase Bank, N.A.**                           a national banking association whose address is
**1111 Polaris Parkway, Columbus, OH 43240**
or its successors or its assignees. Any communication to the Lender should be sent to
C/O Chase Home Finance LLC, 250 West Huron Road, P. O. Box 93764, Cleveland, OH 44113.

In this Deed of Trust, the terms "you," "your" and "yours" refer to the trustor(s) The terms "we," "us" and "our" refer to the beneficiary

   Pursuant to a Home Equity Line of Credit Agreement dated the same date as this Deed of Trust ("Agreement"), you may incur maximum unpaid loan indebtedness (exclusive of interest thereon) In amounts fluctuating from time to time up to the maximum principal sum outstanding at any time of
**Seven Hundred Twenty Thousand and 00/100** _____ **Dollars**
(U.S. $ **720,000.00** ). The Agreement provides for a final scheduled installment due and payable not later than on ____ **May 19, 2036** ____ . You agree that this Deed of Trust shall continue to secure all sums now or hereafter advanced under the terms of the Agreement including, without limitation, such sums that are advanced by us whether or not at the time the sums are advanced there is any principal sum outstanding under the Agreement The parties hereto intend that this Deed of Trust shall secure unpaid balances, and all other amounts due to us hereunder and under the Agreement

05/18/06

CALCDT (Rev 02/15/06)                    Page 1 of 7

LOS ANGELES,CA                            Page 2 of 1                        Printed on 5/6/2010 6:01:16 PM
Document: TD 2006.1033027


EXHIBIT